**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRITTANY ROBERTS,<br><br>Plaintiff.<br><br>v.<br><br>VITAS HEALTHCARE CORPORATION OF ILLINOIS,<br><br>Defendant. | Case No. 26-cv-10659<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff, BRITTANY ROBERTS, by and through her counsel, Jeffrey Law Office, LLC, and complains of Defendant, VITAS HEALTHCARE CORPORATION OF ILLINOIS, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1. This action is brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was harmed by Defendant in this District.

## PARTIES

3. Plaintiff, BRITTANY ROBERTS ("Plaintiff"), was at all times relevant to this suit an adult, residing in Westchester, Illinois. Plaintiff was harmed by Defendant in this District.

4. Defendant, VITAS HEALTHCARE CORPORATION OF ILLINOIS ("Defendant"), is duly organized and doing business in Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under the ADA and FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about March 10, 2026, Plaintiff timely filed a Charge of Discrimination alleging disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2026-05037 against Defendant.

6. On June 4, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding Charge No. 440-2026-05037.

7. Therefore, Plaintiff's Complaint was filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. On May 20, 2024, Plaintiff was hired by VITAS Healthcare Corporation of Illinois ("Defendant") as a Community Health Worker.

9. Plaintiff has disabilities that are covered by the ADA.

10. Defendant was apprised of Plaintiff's disabilities.

11. At all times relevant hereto, Plaintiff always performed her job satisfactorily and within Defendant's legitimate expectations.

12. At all times relevant hereto, Justin Gishchel was Plaintiff's direct supervisor. Justin Gishchel reported to Jennifer O'Neill.

13. On December 5, 2025, Plaintiff notified Jennifer O'Neill, the VP of Palliative Care, and Michele Bishop-Howard, the HR Director, that her intermittent FMLA leave and reduced schedule would soon be approved and initiated a discussion regarding how the reduced schedule should be implemented.

14. On December 8, 2025, Plaintiff's intermittent FMLA leave was approved. The certification approved a reduced work schedule from 40 hours per week to 35 hours per week, as well as the ability to take one to two days off per week as needed.

15. After receiving no response from her insurance case manager, Plaintiff sent a follow-up email on or about December 10, 2025, requesting clarification so the approved FMLA schedule could be implemented.

16. After Plaintiff's follow-up email, leadership and HR began requesting meetings regarding her FMLA leave and schedule. Plaintiff repeatedly stated that she was willing to attend a meeting to discuss scheduling logistics. Plaintiff only requested that the purpose and agenda be clarified in writing before she attended the meeting. Plaintiff made this request in hopes that the underlying medical basis for her FMLA would not be discussed.

17. Despite this request, management continued to send meeting invitations without a defined agenda or scope.

18. On December 22, 2025, in response to Plaintiff's request for clarification, Michele Bishop-Howard sent an email stating that Plaintiff may be "misunderstanding the relationship between an employee and employer under the FMLA." She further stated that employees are expected to attend meetings requested by their employer "regardless of FMLA or not."

19. On January 19, 2026, Plaintiff discovered some of her medical information had been placed on a shared scheduling template visible to others.

20. On January 19, 2026, Plaintiff emailed her supervisor, Justin Gischel, informing him that medical information must remain confidential under the ADA and should not appear on shared scheduling documents. Plaintiff also requested that her medical information be removed from the shared scheduling template.

21. Shortly thereafter, and on January 23, 2026, Plaintiff received a call from Jennifer O'Neill and Michele Bishop-Howard stating that she had been terminated, claiming she had not attended the meetings that management had requested.

22. Because of her disabilities, Plaintiff was subjected to disparate treatment, interference, and discriminatory acts by Defendant, in violation of the ADA and FMLA.

23. Further, in retaliation for exercising a protected activity, including by requesting FMLA, Defendant increased the disparate and discriminatory treatment, including terminating Plaintiff on January 23, 2026.

**COUNT I — DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.**

24. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

25. Defendant is an employer, as defined by the ADA.

26. Plaintiff has been diagnosed with disabilities protected by the ADA.

27. Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of her job with or without reasonable accommodation.

28. The ADA prohibits discrimination against a qualified individual with a disability because of the disability in regard to advancement and other terms, conditions, and privileges of employment. See 42 U.S.C. § 12112(a).

29. Nevertheless, Defendant discriminated and retaliated against Plaintiff because she suffered from the aforementioned disability and requested accommodation.

30. Similarly situated employees without a disability were treated more favorably by Defendant.

31. Therefore, Plaintiff suffered an adverse employment action by Defendant because of her disability.

32. Defendant's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, BRITTANY ROBERTS, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she lost;

D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II — RETALIATION**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.**

33. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

34. Defendant is an employer, as defined by the ADA.

35. Plaintiff has been diagnosed with disabilities protected by the ADA.

36. Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of her job with or without reasonable accommodation.

37. The ADA prohibits retaliation against an employee for exercising her rights under the Act. See 42 U.S.C. § 12203(a).

38. Nevertheless, Defendant discriminated and retaliated against Plaintiff because she suffered from the aforementioned disabilities and requested accommodation.

39. Similarly situated employees without a disability were treated more favorably by Defendant.

40. Therefore, Plaintiff suffered an adverse employment action by Defendant because of her disability.

41. Defendant's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, BRITTANY ROBERTS, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she lost;

D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT III — FMLA INTERFERENCE**
**FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2615(a)(1)**

42. Plaintiff incorporates by reference all other paragraphs of this Complaint.

43. At all relevant times, Defendant was an employer covered by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and Plaintiff was an eligible employee entitled to the FMLA's protections.

44. Plaintiff suffered from a serious health condition that made her unable to perform the functions of her position at certain times and entitled her to intermittent FMLA leave and a medically necessary reduced work schedule.

45. Plaintiff timely notified Defendant of her need for FMLA leave and supplied sufficient information and medical certification to permit Defendant to determine that her leave qualified for FMLA protection.

46. On December 8, 2025, Plaintiff's intermittent FMLA leave was approved, including a reduction of her work schedule from 40 hours to 35 hours per week and permission to take one to two days of leave per week as medically needed.

47. Plaintiff was entitled to take the approved intermittent leave and reduced schedule under 29 U.S.C. § 2612(a)(1)(D) and (b). She repeatedly sought clarification and implementation of the approved schedule and remained willing to discuss legitimate scheduling logistics.

48. Defendant interfered with, restrained, and denied Plaintiff's exercise of FMLA rights by failing or refusing to implement her approved reduced schedule, burdening her effort to use protected leave with undefined meetings that risked disclosure of confidential medical information, treating her reasonable requests for clarification as misconduct, and terminating her employment before she could use the approved leave.

49. Defendant's stated reason for terminating Plaintiff—that she did not attend management meetings—arose directly from meetings management demanded after she sought implementation of her approved FMLA leave and schedule.

50. By terminating Plaintiff on January 23, 2026, while her approved intermittent leave remained available, Defendant prevented Plaintiff from exercising and receiving FMLA benefits to which she was entitled.

51. Defendant's violations prejudiced Plaintiff and proximately caused her to lose wages, salary, employment benefits, and other compensation, and caused other actual monetary losses.

52. Defendant's violations were willful and were not based on a good-faith, objectively reasonable belief that its conduct complied with the FMLA.

WHEREFORE, Plaintiff, BRITTANY ROBERTS, respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

A. Declare that Defendant interfered with, restrained, or denied Plaintiff's exercise of rights protected by the FMLA;

B. Award Plaintiff lost wages, salary, employment benefits, and other compensation denied or lost by reason of Defendant's violations, together with interest;

C. Award Plaintiff liquidated damages in an amount equal to her economic damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

D. Award appropriate equitable relief, including reinstatement or, in lieu of reinstatement, front pay;

E. Award Plaintiff reasonable attorney's fees, expert-witness fees, and costs; and

F. Award such other legal or equitable relief as the Court deems just and proper.

**COUNT IV — FMLA RETALIATION**
**FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2615(a)(2)**

53. Plaintiff incorporates by reference all other paragraphs of this Complaint.

54. At all relevant times, Defendant was an employer covered by the FMLA, and Plaintiff was an eligible employee protected by the Act.

55. Plaintiff engaged in activity protected by the FMLA when she applied for and obtained intermittent FMLA leave, sought to implement her approved reduced work schedule, requested clarification concerning the administration of that leave, and attempted to use the benefits guaranteed by the Act.

56. Jennifer O'Neill, Michele Bishop-Howard, Justin Gischel, and other members of Defendant's management knew of Plaintiff's protected activity and her approved FMLA leave.

57. After Plaintiff disclosed that her intermittent leave and reduced schedule would be approved, Defendant escalated demands that she attend meetings concerning her FMLA leave without providing the written clarification she requested regarding their purpose and scope.

58. On December 22, 2025, Defendant's Human Resources Director characterized Plaintiff's request for clarification as a misunderstanding of the employee-employer relationship under the FMLA and warned that she was required to attend employer-requested meetings "regardless of FMLA or not."

59. On January 23, 2026, approximately six weeks after approval of Plaintiff's FMLA leave and shortly after her repeated efforts to implement and protect the confidentiality of that leave, Defendant terminated Plaintiff, asserting that she had failed to attend the meetings management demanded.

60. Defendant took materially adverse action against Plaintiff because she requested, obtained, and sought to exercise FMLA-protected leave. The close temporal proximity, Defendant's escalating hostility toward Plaintiff's leave-related requests, and Defendant's reliance on the leave-related meetings as its stated reason for termination support a causal connection.

61. Defendant's stated reason for terminating Plaintiff was a pretext for unlawful FMLA retaliation.

62. Defendant's retaliatory conduct was willful and proximately caused Plaintiff to lose wages, salary, employment benefits, and other compensation, and caused other actual monetary losses.

WHEREFORE, Plaintiff, BRITTANY ROBERTS, respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

A. Declare that Defendant retaliated against Plaintiff for exercising rights protected by the FMLA;

B. Award Plaintiff lost wages, salary, employment benefits, and other compensation denied or lost by reason of Defendant's violations, together with interest;

C. Award Plaintiff liquidated damages in an amount equal to her economic damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

D. Award appropriate equitable relief, including reinstatement or, in lieu of reinstatement, front pay;

E. Award Plaintiff reasonable attorney's fees, expert-witness fees, and costs; and

F. Award such other legal or equitable relief as the Court deems just and proper.

Dated: September 2, 2026

__/s Antonio L. Jeffrey______
Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com